**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Shmatko, | No. CV-14-01076-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona CVS Stores LLC, et al., | |
| Defendants. | |

Defendants Otto Uhrik and Clinic for Pain Relief have filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 6. The motion is fully briefed and no party has requested oral argument. The Court will deny the motion. Nevertheless, finding that it lacks subject matter jurisdiction, the Court will dismiss all claims as to all Defendants and will deny all pending motions as moot.

**I.  Background.**

This case arises from the tragic death of Plaintiff's daughter, Dusti Jo Smith, who passed away in October 2012 from intoxication by opioid. Doc. 1, ¶ 17. Smith had been using pain medication patches containing the opioid Fentanyl to combat severe back pain and pain from oral surgery. *Id.*, ¶¶ 15-17. Plaintiff alleges that Smith suffered from depression and "admitted to take more than normal dose of medicine to get relief from the pain." *Id.*, ¶ 15. Because Smith reported that she did not get adequate relief from her medications, Smith's doctor prescribed an increased dosage of Fentanyl that effectively doubled her intake of the opioid. *Id.*, ¶ 16. Smith's death appears to have been caused by

an overdose of Fentanyl.

Plaintiff instituted this action on May 20, 2014 naming various doctors, Clinic for Pain Relief, and Arizona CVS Stores, LLC as defendants. Plaintiff asserts three claims against Defendants, including medical negligence/medical malpractice, strict product liability, and breach of warranty.

**II.     Legal Standard.**

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the Court. *See* Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see In re Ford Motor Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001); *Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1994).

The Court has subject matter jurisdiction over cases involving federal questions: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332. Section 1332 requires complete diversity between the parties. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Id.*

**III.    Analysis.**

   **A.     Defendants' Motion to Dismiss.**

The Court entered an order on May 22, 2014 instructing the parties that "motions to dismiss must contain a certification of conferral indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading." Doc 4 at 1. Notwithstanding the Court's warning that "[m]otions to dismiss that do not contain the required certification are subject to be stricken on the Court's motion[,]" Defendants

1  Uhrik and Clinic for Pain Relief have filed a motion to dismiss without attaching the
2  required certification.  Defendants should heed the Court's orders.  The Court will strike
3  their motion.

### B. Sua Sponte Dismissal For Lack of Subject Matter Jurisdiction.

A district court may dismiss an action sua sponte for lack of jurisdiction at any time during the pendency of an action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).  It may do so without providing the parties with notice and an opportunity to respond. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.").

Because Plaintiff's claims for medical negligence, medical malpractice, strict product liability, and breach of warranty are state-law causes of action, Plaintiff's Complaint does not raise a federal question and the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff appears to believe that federal question jurisdiction exists because one or more Defendants violated the Food, Drug, and Cosmetic Act ("FDCA") and/or the Drug Enforcement Agency's ("DEA") Practitioner Manual, which was authored to assist the DEA with the administration of the Controlled Substances Act ("CSA").  Doc. 8 a 2-4.  Federal law unequivocally holds, however, that the FDCA and CSA do not create private rights of action that can give rise to a federal question. *See* 21 U.S.C. § 337 (stating that only the United States may enforce FDA laws or regulations); 21 U.S.C. §§ 871 & 882 (granting only the Attorney General or United States authority to enforce federal law governing controlled substances).

It appears from Plaintiff's complaint that Plaintiff and all Defendants are Arizona residents.  Doc. 1, ¶¶ 3-9.  Because this case is not between citizens of different states, the Court lacks diversity jurisdiction. *See, e.g.*, *Tosco Corp. v. Cmty. for a Better Env't*, 236 F.3d 495, 502 (9th Cir. 2001) (affirming district court's dismissal of case involving

malicious prosecution, libel, and slander causes of action because complete diversity did not exist); *Indus. Tectonics*, 912 F.2d at 1092 (affirming district court's dismissal of case because complete diversity did not exist).

**IV.     Leave to Amend.**

"The court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see* 28 U.S.C. § 1653 (authorizing amendment of pleadings to cure defective jurisdictional statement).  In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

The Court will dismiss the complaint without leave to amend.  The claims asserted in Plaintiff's complaint are classic state-law claims and simply do not give rise to a federal question.  Nor can Plaintiff bring a diversity-based claim against Defendants.  Given these realities, the Court is satisfied that amendment of the complaint would be futile.

**IT IS ORDERED**:

1.   Plaintiff's complaint (Doc. 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.  The Clerk of Court shall **terminate** this action.

2.   Defendants' motion to dismiss (Doc. 6) is **denied**.

3.   The remaining motions (Docs. 7, 17, 18, 23, 24) are **denied as moot**.

Dated this 1st day of August, 2014.

_____
David G. Campbell
United States District Judge